1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TWYLA WENTWORTH,

             Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

            Defendant.

CASE NO. 3:17-CV-05748-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

9
10
11
12
13
14
15
16
17
18

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States

Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkts. 9, 10.

19
20
21
22

    After considering and reviewing the record, the Court concludes that the

Administrative Law Judge ("ALJ") did not commit harmful legal error during the

evaluation of plaintiff's Social Security claim. Although plaintiff contends that the ALJ

erred in failing to identify her depression and anxiety as severe, plaintiff failed to show

23
24

that her depression and anxiety would impair her ability to function under the limitations included the ALJ's residual functional capacity ("RFC").

Similarly, although plaintiff argues that the ALJ erred when evaluating the medical evidence, therapist Frances Jean Corn, MSW (Masters in Social Work), did not opine that plaintiff's symptoms translated into functional limitations or impacted plaintiff's ability to maintain or obtain employment. Thus, any error by the ALJ was harmless.

In addition, there are inconsistencies and conflicts between plaintiff's testimony at her hearing about her limitations, and the statements and reports throughout the medical record regarding her activities and abilities. These reasons alone provide clear and convincing rationale supported by substantial evidence in the record for the ALJ's failure to credit fully plaintiff's allegations. Therefore, although the ALJ erred in his reliance on plaintiff's minimal mental health treatment and plaintiff's unemployment history to support the credibility determination, any such error is harmless.

Accordingly, the Court orders that this matter be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, TWYLA WENTWORTH, was born in 1954 and was 58 years old on the alleged date of disability onset of June 30, 2012. *See* AR. 140-41. Plaintiff has a bachelor's degree in Health Education. AR 37. Plaintiff has work history as fiduciary at a trust organization. AR. 45. She left her last employment following an unsuccessful three-month probationary period. AR. 38-39.

According to the ALJ, plaintiff has at least the severe impairments of "migraine headaches 20(CFR 404.1520(c))." AR. 17.

At the time of the hearing, plaintiff was living alone in a duplex. AR. 37.

PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 49, 58. Plaintiff's requested hearing was held before ALJ Gary Elliott on April 21, 2016. *See* AR. 32-48. On May 9, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 12-31.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) the ALJ erred in failing to identify plaintiff's depression and anxiety as severe; (2) the RFC is flawed for failing to consider all of plaintiff's impairments; (3) the ALJ erred in evaluating plaintiff's subjective symptom testimony by relying on plaintiff's unsuccessful work attempt; and (4) the ALJ erred in evaluating the opinion evidence specifically by giving great weight to the opinion of a one-time examiner and little weight to that of a treating provider. *See* Dkt. 9 at 2.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

**(1)** **Whether the ALJ erred in failing to identify plaintiff's depression and anxiety as severe and considering these impairments in the RFC.**

Plaintiff first argues that the ALJ erred by failing to find her depression and anxiety a severe impairment at Step Two and that the RFC is flawed for failing to consider all of plaintiff's impairments. Dkt. 9 at 4-7.

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)). An impairment or combination of impairments "can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling "SSR" 85-28)).

At Step Two, the ALJ found that plaintiff has one severe impairment --migraine headaches. AR. 17. The ALJ found that plaintiff's "medically determinable mental

impairments of depression, anxiety and alcohol dependence, considered singly and in combination do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." AR. 17.  In making this determination, the ALJ identified that plaintiff had mild limitations in activities of daily living, social functioning, concentration, persistence and pace, and with no episodes of decompensation. AR. 17-18.

Plaintiff argues that this finding is contrary to plaintiff being diagnosed with anxiety, depression, memory loss, amnesia, restlessness, difficulty controlling worry, irritability, sleep disturbance and difficulty concentrating. Dkt. 9 at 5 (citing AR. 263, 280, 309, 319, 595, 662). It is true that Dr. Jennifer Smith, M.D., an acceptable medical source, diagnosed plaintiff with depression and generalized anxiety disorder. AR. 321, 595. Ms. Christie Heany, PA-C diagnosed plaintiff with memory loss and amnesia, AR. 284-286, and therapist, Ms. Corn, diagnosed plaintiff with depression and noted that plaintiff had difficulty concentrating. AR. 642, 662.

However, even if the ALJ erred in his Step Two finding, plaintiff has failed to show why such an error is not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("'[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.' ")). Plaintiff has not cited to any objective evidence in the record establishing that her depression and anxiety caused any work-related limitations. Although plaintiff argues that there is "ample evidence" of plaintiff's mental health-related impairments, none of plaintiff's providers, including Dr. Smith, Ms. Heany, or

Ms. Corn, made any observations or stated an opinion on how plaintiff's depression and anxiety would impact her ability to obtain or sustain full-time employment. *See* AR. 284-286, 321, 595, 642. At the hearing, the vocational expert testified that *if* plaintiff was limited to simple, routine, repetitive tasks, she could not perform her past relevant work, AR. 46-47, however, plaintiff has not cited to any objective evidence in the record establishing that she *is* limited to simple, routine or repetitive tasks. As a result, plaintiff fails to offer any explanation nor has she cited to any evidence in the record to establish her depression and anxiety would impair her ability to function under the limitations included the ALJ's RFC.

It is plaintiff's duty to show her depression and anxiety had more than a minimal effect on her ability to perform work duties. As such, any error in the ALJ's assessment of Step Two and the RFC was harmless. *Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007); *Hickman v. Comm'r Soc. Sec. Admin.,* 399 F. App'x 300 (9th Cir. 2010) (finding failure to include reading disorder as one of claimant's severe impairments at step two harmless because there was substantial evidence in the record that reading disorder would not have precluded claimant from work); *Collins v. Astrue,* 2009 WL 112863, at *5 (W.D. Wash. Jan.14, 2009) (error harmless "because there is no medical evidence in the record that plaintiff's headaches caused him any work-related limitations").

**(2)      Whether the ALJ erred in evaluating plaintiff's subjective symptom testimony.**

Next, plaintiff argues that the ALJ erred in evaluating plaintiff's subjective symptom testimony by relying on an unsuccessful work attempt to establish that plaintiff

can perform her past relevant work. Dkt. 9 at 7-10.

Plaintiff testified that she was unable to work due to her anxiety and depression, and that she has difficulties with concentration, focus, and memory. AR. 39-41. Plaintiff testified that she has headaches "[q]uite often….a couple times a week[,]" and that she experiences migraines once in a while. AR. 43-44.

The ALJ found that plaintiff's statements were not consistent with the medical evidence, and the other evidence in the record. AR. 20. Specifically, the ALJ reasoned that: (1) plaintiff's testimony was inconsistent with the objective medical evidence; (2) plaintiff only sought minimal treatment; (3) plaintiff's testimony was inconsistent with her daily activities; (4) plaintiff received unemployment benefits during the period at issue; and (5) plaintiff's testimony was inconsistent with her work history; and AR. 21-23.

Here, plaintiff only challenges one of the numerous reasons the ALJ gave for discounting plaintiff's testimony, that the ALJ erred in relying on plaintiff's unsuccessful work attempt to establish that plaintiff can perform her past relevant work. Dkt. 9 at 7-10. Plaintiff does not challenge the ALJ's remaining reasons for rejecting her subjective symptom testimony. *See id.*

Defendant argues that even if not all of the ALJ's reasons for discrediting plaintiff's allegations are proper, the ALJ's decision should be upheld, as long as substantial evidence supports the ALJ's determination. Dkt. 10 at 15 (citing *Carmickle v. Comm'r Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick,* 157 F.3d at 722 (citations omitted); *Smolen*, 80 F.3d at 1284 (internal citation omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281-82 (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen,* 80 F.3d at 1281-82. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick,* 157 F.3d at 722 (citing *Bunnell*, 947 F.2d at 343, 346-47).

Although two of the ALJ's reasons for rejecting plaintiff's subjective symptom testimony are not proper, the Court upholds the ALJ's decision because the ALJ has provided four other clear and convincing reasons supported by substantial evidence.

*Carmickle,* 533 F.3d at 1162 (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)). The Court first discusses the ALJ's two erroneous reasons for rejecting plaintiff's subjective symptom testimony, followed by the four valid reasons that are supported by substantial evidence.

A.  Minimal Treatment - Anxiety and Depression

The ALJ found that that the record shows no history of psychiatric hospitalization and minimal mental health treatment, which suggests that plaintiff's mental health impairments are not as serious as alleged. AR. 22.  Plaintiff has not challenged this finding. *See* Dkt. 9.

An ALJ may properly rely on evidence which shows "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" to discount a plaintiff's statements. *Fair*, 885 F.2d at 603; *see* SSR 96-7p 1996 SSR LEXIS 4, *21-22 ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints. . . . and there are no good reasons for this failure").

However, the ALJ's finding is not supported by substantial evidence. In June 2015, plaintiff presented to the emergency department for overdose of her depression medication (Celexa) and was admitted to inpatient psychiatric care. AR. 425-436. Plaintiff also sought regular mental health counseling with Ms. Corn for over a year between December 2014 and February 2016. AR. 637-665. Therefore, the Court

concludes that the ALJ erred in finding that plaintiff did not have any history of psychiatric hospitalization and minimal mental health treatment. *See Carmickle,* 533 F.3d at 1162.

B.  Unemployment Benefits

The ALJ also erroneously relied on plaintiff's reports that she collected unemployment benefits during the relevant time period, the third and fourth quarter of 2013. AR. 22 (citing AR. 143). The Court is mindful that a claimant's receipt of unemployment benefits could be a legally sufficient reason to find a plaintiff not credible if it evidenced that the plaintiff considered himself capable of work and held himself out as available for work. *See Copeland v. Bowen,* 861 F.2d 536, 542 (9th Cir. 1988). However, a plaintiff's receipt of unemployment benefits does not necessarily constitute a legally sufficient reason for an adverse credibility determination when the record "does not establish whether [the claimant] held himself out as available for full-time or part-time work." *See Carmickle,* 533 F.3d at 1161–62; *Mulanax v. Comm'r of Soc. Sec. Admin.,* 293 Fed. Appx. 522, 523 (9th Cir. 2008) (receipt of unemployment benefits that were payable to applicants available for temporary or part-time jobs was not necessarily inconsistent with a claim of disability under the Social Security Act).

Here, although the record does contain evidence that plaintiff received unemployment benefits, AR. 143, the record does not provide any context for that evidence. The record does not contain plaintiff's unemployment benefits application, does not specify whether plaintiff claimed that she was available for full-time or part-time work, and does not otherwise specify the basis for any application for unemployment

benefits. *See* AR. 143. Accordingly, the Court finds that the evidence in the record that plaintiff received unemployment benefits in 2013 does not give rise to a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. *See, e.g., Plummer v. Colvin,* 2014 WL 7150682, at *16 (D. Az. Dec. 16, 2014) (claimant's receipt of unemployment benefits was not clear and convincing reason for ALJ's adverse credibility determination where the record did not contain the unemployment benefits application nor establish the manner in which claimant held herself out as available for work in completing any such application); *Wood v. Colvin,* 2014 WL 4407719, at *9 (E.D. Wash. Sept. 8, 2014) (same where record contained no certification by claimant that he was physically and mentally able to work full-time).

Harmless Error

Although the ALJ erred in his reliance on plaintiff's minimal mental health treatment and plaintiff's unemployment history, any such errors are harmless, because the ALJ has provided at least four clear and convincing reasons supported by substantial evidence for rejecting plaintiff's subjective symptom testimony. *Molina,* 674 F.3d at 1115; *see Carmickle*, 533 F.3d at 1162 (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)).  As discussed below, these reasons alone provide clear and convincing rationale supported by substantial evidence in the record for the ALJ's failure to credit fully plaintiff's allegations.

### C. Minimal Treatment - Migraine Headaches

The ALJ found that the record shows minimal treatment related to plaintiff's migraines and headaches, which "suggests that the alleged persistence and intensity of her symptoms are not as serious as alleged." AR. 22.  Plaintiff has not challenged this finding. *See* Dkt. 9.

Although the ALJ failed to cite to specific evidence in his discussion of plaintiff's testimony, the ALJ previously detailed plaintiff's treatment history. AR. 20-21. The evidence reflects that plaintiff did not seek treatment for her migraines or headaches after April 2013, at which time it appears her symptoms subsided. AR. 267-70, 273, 311, 319-325, 330, 361, 594, 610. *Fair*, 885 F.2d at 603 (An ALJ may properly rely on evidence which shows "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" to discount a plaintiff's statements.); *see* SSR 96-7p 1996 SSR LEXIS 4, *21-22.

The Court notes that plaintiff does not allege that she lacked medical insurance, lacked access to affordable care at any point during the relevant period. *Carmickle,* 533 F.3d at 1162 (The ALJ only errors in discrediting the claimant for a failure to seek greater treatment when the claimant "has good reason for not" seeking treatment, such as a lack of insurance coverage, which the ALJ fails to consider.).  Thus, the ALJ's finding that plaintiff's lack of treatment for migraine headaches suggests that her symptoms are not as serious as alleged is supported by substantial evidence.

//

//

D.  Inconsistent with Objective Evidence

The ALJ also noted a number of inconsistencies between plaintiff's testimony and the objective medical evidence, which are not disputed by plaintiff. AR. 22. Determining a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, a claimant's pain testimony may not be rejected "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell*, 947 at 346-47; *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

Here, the evidence is contradictory as to whether plaintiff's testimony regarding her inability to focus and concentrate is inconsistent with the objective evidence. The ALJ discussed Ms. Heany's treatment notes which show that plaintiff had intact memory, normal attention span and concentration. AR. 21 (citing AR. 258-275, 308-316, 590-636). The ALJ also referenced the opinion of Dr. Lezlie Pickett, Ph.D., indicating that plaintiff was able to follow simple and complex instructions, and had excellent concentration and attention. AR. 21 (citing AR. 326-335).  On the other hand, treatment notes from Ms. Corn reflect that plaintiff has difficulty concentrating, AR. 662, and Ms. Heany diagnosed plaintiff with memory loss and amnesia, AR. 284-286.

However, the Court cannot substitute its judgment for that of the ALJ where the ALJ's interpretation constitutes a rational reading of the evidence. *See Parra v. Astrue*,

481 F.3d 742, 746 (9th Cir. 2007) ("Where the evidence can reasonably support either affirming or reversing the decision, we may not substitute our judgment for that of the Commissioner."); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence). Therefore, the Court concludes that the ALJ did not err in finding that plaintiff's allegations regarding her memory, concentration and attention were inconsistent with the objective medical evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan,* 169 F.3d at 599, 601) (It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld.").

Regarding plaintiff's migraine headaches, the ALJ relied on treatment notes wherein plaintiff reported that she had not had a migraine in over a year, and that her migraines "stopped one day." AR. 21-22 (citing AR. 330, 361, 594). This is inconsistent with plaintiff's testimony that she has migraines once in a while and headaches "[q]uite often….a couple times a week." AR. 43-44. Therefore, Court concludes that the ALJ's finding that the objective medical evidence is inconsistent with plaintiff's allegations of migraines and headaches is based on substantial evidence in the record as a whole.

E.  Inconsistent with Daily Activities

Further, the ALJ relied on inconsistencies between plaintiff's daily activities and her testimony, which are not disputed by plaintiff. AR. 22.  Inconsistencies between symptom allegations and daily activities may act as a clear and convincing reason to

discount a claimant's credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Bunnell*, 947 F.2d at 346. The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).

Here, the ALJ did not make any specific findings regarding the transferability of plaintiff's activities of daily living to work skills or to any particular competitive employment. *See* AR. 22. Therefore, plaintiff's activities of daily living can only entail a valid rationale for failing to credit fully plaintiff's allegations and testimony if "they contradict the claimant's other testimony." *See Orn*, 495 F.3d at 639 (citing *Fair*, 885 F.2d at 603). The ALJ noted that plaintiff had no problem with personal care, performed household chores including preparing meals, cleaning, laundry and minor household repairs, drove, shopped for groceries, played/cared for her grandchildren, and socialized once a week. AR 22 (citing AR. 180-189, 594). While these activities do not necessarily indicate that plaintiff is capable of performing full-time work, this evidence supports the ALJ's inference that plaintiff is not as limited as alleged and contradicts her testimony that she has memory deficiencies and cannot complete a task. *See* AR. 39-41. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (internal citation omitted) (The ALJ may "draw inferences logically flowing from the evidence."); *Orn*, 495 F.3d at 639.

Thus, the Court concludes that there is substantial evidence in the record as a whole supporting the ALJ's finding that plaintiff's testimony is contradicted by her daily activities.

F.   Work History

Plaintiff contends that the ALJ erred in relying on plaintiff's unsuccessful work attempt to support the finding that she can perform her past relevant work. Dkt. 9 at 8. The ALJ found that plaintiff worked after the alleged onset date of disability as a financial advisor from October 29, 2012 through February 20, 2013. AR. 22 (citing AR. 216, 232). Plaintiff reported that she worked 40 hours per week and that her duties included managing guardianships and special needs trusts. AR. 22 (citing AR. 151).

The ALJ may consider work that a claimant engaged in—regardless of whether that work amounted to substantial gainful activity—in making his disability determination. SSR 96–7 (prior work and efforts to work are factors used to evaluate a claimant's credibility); *see also* 20 C.F.R. §§ 404.1571, 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). "In weighing a claimant's credibility, the ALJ may consider inconsistencies ... between his testimony and ... his work record ...." *Light v. Soc. Sec. Admin.* 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may also discount a claimant's credibility where the alleged impairment is not the reason that the claimant stopped working. *See Tommasetti*, 533 F.3d at 1040 (affirming credibility decision where the claimant testified his diabetes was not disabling, was controlled by medication, and was not the reason he stopped working); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th

Cir. 2001) (The plaintiff's pain allegations were not credible where the plaintiff reported at the hearing and to his doctors that he left the job because he was laid off, not because he was injured.). And the ALJ may discount a claimant's credibility where he or she has continued to search for work as holding one's self out as capable of work "cast[s] doubt on a claim of disability." *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014).

To support her argument that the ALJ improperly relied on this work history, plaintiff argues that the Administration determined that plaintiff's prior work activity was an unsuccessful work attempt because she "had to stop working due to a medical condition." Dkt. 9 at 7 (citing AR. 158). Plaintiff cites to a POMS policy that sets forth the type of unsuccessful work attempts that do not preclude a finding of disability. Dkt. 9 at 8 (citing POMS DI 11010.145); *see also* SSR 84–25, 1984 WL 49799 at *2. However, the purpose of the POMS policy is to describe situations in which a claimant's failed efforts to return to work would not be considered "substantial gainful activity" at the first step of the sequential evaluation. *See id.* The policy does not preclude consideration of such work to the extent it may bear in determining whether or not to accept a claimant's testimony regarding subjective symptoms.

Here, the ALJ found that plaintiff stopped working for reasons unrelated to allegedly disabling impairments. AR. 22-23. The record supports the ALJ's finding. For example, plaintiff testified that she stopped working because she was unable to use Microsoft Excel in her job duties. AR. 38-39. This evidence supports the ALJ's finding, suggesting plaintiff could have continued working in this position if she had experience with Microsoft Excel. *See Bruton*, 268 F.3d at 828.

Plaintiff also reported looking for other work after she left her position in February 2013, reporting that she attempted to find work "by lowering my expectations and going towards a less professional field, but no one would hire me because I was over qualified. Or maybe there was age discrimination." AR. 330. This evidence also supports the ALJ's finding, indicating that plaintiff continued to search for work and hold herself out as capable of work, which "cast[s] doubt on a claim of disability." *See Ghanim*, 763 F.3d at 1165.

While there is some evidence that plaintiff experienced anxiety about learning Microsoft Excel, AR. 329-330 (plaintiff reported that she was "so full of anxiety" about learning the required computer programs that she couldn't focus and learn them), this is not substantial evidence to overcome the ALJ's finding. This evidence does not establish that it was plaintiff's anxiety that prevented her from learning Microsoft Excel and succeeding at in her position, but rather, that she experienced some anxiety related to her inability to learn the required program. Accordingly, the Court concludes that ALJ's finding that plaintiff's work history undermines her testimony as to the disabling effects of her impairments is supported by substantial evidence.

**(3)     Whether the ALJ erred in evaluating the medical opinion evidence.**

Plaintiff argues that the ALJ erred in giving great weight to the opinion of Dr. Pickett and giving little weight to the opinion of Ms. Corn. Dkt. 9 at 10-11.

//

//

A.  Dr. Pickett's opinion

On September 19, 2014, Dr. Pickett examined plaintiff. AR. 328. Dr. Pickett opined that plaintiff was able to understand, recall and follow through on simple and complex verbal tasks; tolerate change well; and track and respond to changes in conversational direction without difficulty. AR. 332-334. Dr. Pickett opined that plaintiff did not have any cognitive, memory, or mental health difficulties that would impede progress towards future goals. AR. 332-334. Dr. Pickett opined that plaintiff was able to maintain the pace and persistence of a regular work environment. AR. 334. The ALJ gave great weight to Dr. Pickett's opinion, reasoning that Dr. Pickett examined plaintiff and that her opinion was consistent with the clinical findings, including findings that plaintiff could follow simple and complex directions accurately without any apparent hesitation or difficulty, maintained excellent concentration and attention, and was polite, personable and enjoyable to talk to. AR. 23.

Here, the Court finds no error in the ALJ's decision. The ALJ determined that Dr. Pickett's opinion, which was based on her examination and testing of plaintiff, as well as the medical record, *see* AR. 328, was entitled to great weight. The determination is supported by substantial evidence, *see* AR 332-334, and therefore, must be upheld. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining source's opinion may constitute substantial evidence where based upon independent examination of claimant).

//

//

B.  Ms. Corn's opinion

On December 26, 2014, Ms. Corn assessed plaintiff with a GAF score of 48. AR. 665. The ALJ gave Ms. Corn's opinion little weight because it was inconsistent with the clinical findings and opinion of Dr. Pickett. AR. 23. The ALJ also found that it was not evident whether the GAF score intended to rate symptoms or functioning, and that Ms. Corn was not an acceptable medical source. AR. 23.

Even if the ALJ erred in giving little weight to the opinion of Ms. Corn, plaintiff has not shown why such an error is harmful. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d at 1055; *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki*, 556 U.S. at 407). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.' ". *See Molina*, 674 F.3d at 1111 (internal citation omitted).

Here, there is no indication from Ms. Corn that plaintiff was functionally limited in any way. For example, although Ms. Corn opined that plaintiff had a GAF score of 48, was depressed, and had difficulty concentrating, Ms. Corn did not state how these symptoms translated into functional limitations or impacted plaintiff's ability to maintain or obtain employment. *See* AR 662.  As a result, plaintiff fails to offer any explanation, nor has she cited to any evidence in the record to establish that Ms. Corn believed her

ability to function was more impaired than the ALJ found. It is plaintiff's duty to make that showing. As such, any error by the ALJ here was harmless. *Lewis,* 498 F.3d at 911; *Collins,* 2009 WL 112863 at *5.

<u>CONCLUSION</u>

Based on the stated reasons, and the relevant record, it is ORDERED that this matter is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **defendant** and the case should be closed.

Dated this 6th day of July, 2018.

J. Richard Creatura
United States Magistrate Judge